**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**CHARLES LITTON MORRIS,
          Plaintiff,**

**vs.                              Case No. 3:09cv474/MCR/MD**

**ESCAMBIA COUNTY JAIL, et al.,
          Defendants.**
_____

**ORDER and
<u>REPORT AND RECOMMENDATION</u>**

**Plaintiff, a prisoner proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 5) and a motion for leave to proceed *in forma pauperis* (doc. 6). For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* will be granted.**

**Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the amended complaint, the undersigned concludes that this case should be dismissed as malicious.**

**Plaintiff is currently incarcerated at the Escambia County Jail ("Jail"). He is suing the Jail and the Escambia County Sheriff's Office, claiming that jail officials are violating inmates' constitutional rights by prohibiting inmate defendants from carrying and possessing case law, legal reference material, etc. to court with them if they are represented by counsel and, if not represented, by requiring the inmate defendants to show proof that they are representing themselves. As relief, plaintiff seeks an injunction and costs.**

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No."  (Doc. 5, p. 4).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff disclosed no cases.

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question:  "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No." (Doc. 5, p. 4).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff  disclosed no cases.  At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7).  Thus, plaintiff has in effect stated that he has initiated no other action in federal court that was either related to the fact of his incarceration, related to his conditions of confinement, or dismissed prior to service.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior

---

[1] Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action.  Plaintiff answered "No" to both questions, and disclosed no cases.  (Doc. 5, p. 3).

*Case No: 3:09cv474/MCR/MD*

lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[3]

Plaintiff initiated the instant civil rights case on October 22, 2009. (Doc. 1, p. 6). The clerk has advised, and this court may take judicial notice, that at the time plaintiff initiated this suit he had initiated at least two other civil actions in federal court that were dismissed prior to service. On October 20, 2008 plaintiff, while incarcerated, filed a civil rights complaint in this court challenging two disciplinary convictions he received at Walton Correctional Institution. The action, *Morris v. McNeil*, Case Number 3:08cv482/MCR/MD, was dismissed on March 25, 2009, prior to service, for plaintiff's failure to comply with an order of the court. Plaintiff did not disclose this case in the instant complaint. Nor did petitioner disclose a habeas corpus action he filed in this court on October 23, 2008 which challenged his now-expired convictions for DUI and Driving While License Revoked. *See Morris v. State of Florida*, Case Number 3:08cv492/LC/EMT. That case was dismissed on April 28, 2009, prior to service, for plaintiff's failure to comply with an order of the court. Although those cases dealt with a prior period of incarceration and plaintiff may not have known the disposition of his habeas case due to his arrest on April 16, 2009 and subsequent incarceration,[4] he did know that disclosure of all prior actions was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[3] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C. § 1915(g)).

[4] The prisoner account statement attached to plaintiff's *in forma pauperis* application indicates that plaintiff has been confined at the Escambia County Jail since April 16, 2009. (Doc. 6).

**ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 5, p. 3).**

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false response to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se*, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 6) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 3rd day of December, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**